**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUBEG SINGH BHULLAR, | No. 08-72966 |
| Petitioner, | Agency No. A095-414-384 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Subeg Singh Bhullar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny the petition for review.

Bhullar testified that he was a member of the Shiromani Akali Dal Mann party, attended party rallies, and gave a speech at a rally commemorating the death of martyrs killed at the Golden Temple. Substantial evidence supports the agency's adverse credibility determination based on Bhullar's lack of knowledge concerning the attack on the Golden Temple and the arrests of the Akali Dal president. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (affirming an adverse credibility determination based, in part, on the petitioner's lack of knowledge about the political party of which he was an active participant). In the absence of credible testimony, Bhullar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of CAT relief because Bhullar failed to establish it is more likely than not he will be tortured if returned to India. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**